Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

[Additional attorneys listed on signature page]

Attorneys for Plaintiffs Arthur O'Neill and Arianna Lopez

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Arthur O'Neill and Arianna Lopez, on behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Bank of America, N.A.,<br><br>Defendant. | **Case No:** '11CV2254 L    BGS<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

1.  Plaintiffs, Arthur O'Neill and Arianna Lopez ("Plaintiffs"), on behalf of themselves and all others similarly situated, all to the best of their knowledge, information, and belief formed after an investigation reasonable under the circumstances, which facts are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, except for information identified herein based on personal knowledge, hereby allege as

follows against the above-named company, Bank of America, N.A. ("Bank of America").

## Introduction

2. Plaintiffs Arthur O'Neill and Arianna Lopez, through their counsel, bring this action to challenge the acts of Bank of America, N.A. (hereinafter "Bank of America") regarding the unlawful acts of Defendant, namely of transfer of funds in Plaintiffs' California deposit account to a third party who claimed a right to these funds based on a foreign, non-California levy or similar document.

3. The levy or similar had no judicial effect in California, and the third party in question had no enforceable right in California to seize Plaintiffs' assets.

4. Despite this fact, Bank of America made no attempt to prevent this unlawful seizure, and after Plaintiffs protested and demanded the return of their funds, Bank of America refused to make Plaintiffs whole by returning their funds to them.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

//
//
//
//
//

## Jurisdiction And Venue

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d) as Plaintiffs are informed and believe, and thereon allege that the value of the claims of the individual class members represented herein, in the aggregate, exceed the value of $5,000,000.00, and jurisdiction also arises pursuant to 28 U.S.C. § 1367 for supplemental state claims.

9. This action arises out of Defendant Bank of America's violations of the California Unfair Competition Law ("UCL"), found at California Business and Professions Code §§ 17200 et seq., the Consumer Legal Remedies Act ("CLRA") found at California Civil Code §§ 1770 et seq., and on Defendant's breach of contract and conversion of the assets of the Class.

10. As Bank of America does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Bank of America for purposes of this action.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

## Parties

12. Plaintiffs are natural persons, adults, and both are residents of San Diego County, California, and resided in San Diego County at all times pertinent to this action.

13. Plaintiff is informed and believes and thereon alleges that Defendant Bank of America, NA ("Bank of America") is a National Association based in Charlotte, North Carolina, doing business in the state of California.

14. Plaintiffs are "consumers" who both sought and acquired by purchase a service, as that term is defined by Civil Code § 1761(d).

//
//
//
//

**Facts Common To All Claims**

15. On or about July of 2010, in the County of San Diego, Plaintiffs Arthur O' Neill and Arianna Lopez opened a joint consumer deposit account with Defendant Bank of America, with an account number ending in 2428 ("Deposit Account").

16. This Deposit Account was subject to a Deposit Agreement, a copy of which is attached as Exhibit A.

17. Pursuant to the Deposit Agreement, Bank of America provided banking services, in particular the maintenance of a checking account, to Plaintiffs in return for the right to use Plaintiffs' funds to invest, generate profits, and not pay any of the profits to Plaintiffs.

18. Pursuant to the Deposit Agreement, Plaintiffs had the right to demand the return of the funds in the Deposit Agreement at any time.

19. Plaintiffs then deposited a wedding gift of $10,000.00 from Mr. O'Neill's parents into the Deposit Account, and subsequently deposited Plaintiff's earnings, derived in California, in the Deposit Account.

20. On October 5, 2010, Bank of America "froze" all of the funds in the above Deposit Account, in the amount of $17,952.67, and refused to release any funds to Plaintiffs, or to pay any outstanding checks written against the Deposit Account.

21. That same day, Bank of America delivered $9,350.78 of the funds in the Deposit Account to a third party, with no prior notice to Plaintiffs.

22. That same day, Bank of America also seized $100.00 from the Deposit Account as a "Legal Order Fee."

23. That same day, Ms. Lopez called Bank of America's agents or employees to protest the seizure of Plaintiffs' funds, at the number given by Bank of America for Customer Service.

24. Bank of America's agent or employee refused to provide any explanation or disburse Plaintiffs' funds, and told Ms. Lopez that she needed to speak to Mel Harris, an attorney in the state of New York.

25. That same day, Plaintiffs then both took time off work to go in together to the Bank of America branch located at 737 University Avenue San Diego, CA 92103.

26. Plaintiff's spoke to Mr. Javier Lleida, an agent or employee of Bank of America employed at the above address.

27. Mr. Lleida, after four attempts, managed to make telephone contact with a Bank of America employee with some knowledge of the seizure of Plaintiffs' assets.

28. The above Bank of America employee refused to register any dispute by Plaintiffs of the seizure of Plaintiffs' funds.

29. The above Bank of America employee refused to give Plaintiffs any information regarding the seizure of their funds, beyond informing them that Bank of America allowed a levy on their account based on a judgment from the state of New York.

30. When Plaintiffs protested that they had received no notice of any lawsuit, the above Bank of America employee claimed there was a judgment in New York, and told Plaintiffs that they had sufficient notice because "you woke up and the money was debited from the account."

31. Because of the above described "freeze" or hold placed on Plaintiffs' Deposit Account, Plaintiffs' check for their rent was not honored, and Plaintiffs incurred a fee of $35.00 to their landlord based on the returned rental check.

32. On or about October 10, 2010, Mr. O'Neill wrote a letter to Bank of America, on behalf of himself and Ms. Lopez, demanding relief for the seizure of the contents of Plaintiffs' Deposit Account, and the delivery to a third party of a large portion of these funds.

33. Bank of America refused and continues to refuse to provide any relief to Plaintiffs for the above illegal seizure of these funds, or for delivery of a portion of these funds to a third party with no enforceable right in California to levy on or otherwise seize these funds.

34. Plaintiffs are informed and believe, and thereon allege, that Bank of America first seized, and then delivered to a third party, the funds in Plaintiffs' Deposit account, and that Bank of America took this action after receipt of a document or documents that appeared to be a levy or similar document from the state of New York, related to a New York action involving Ms. Lopez.

35. Plaintiffs are informed and believe, and thereon allege, that Bank of America did not receive any documents regarding any California judgment against Ms. Lopez, and that no California judgment against Ms. Lopez in fact exists.

## Class Action Allegations

36. Plaintiffs define "Class One" as (i) all persons that are "consumers" as that term is defined by Civil Code § 1761(d); (ii) that hold or held non-commercial California deposit accounts with Bank of America (iii) that either are residents of the state of California or were residents of the state of California at the time Bank of America seized their assets; (iv) whose assets held in California deposit account with Bank of America were seized by Bank of America within three year prior to the filing of this action; (v) based on a judgment, levy or other similar document from a state other than California.

37. Plaintiffs define "Class Two" as (i) all persons; (ii) that hold or held non-commercial California deposit accounts with Bank of America (iii) that either are residents of the state of California or were residents of the state of California at the time Bank of America seized their assets; (iv) whose assets held in California deposit account with Bank of America were seized by Bank of America within four year prior to the filing of this action; (v) based on a judgment, levy or other similar document from a state other than California.

38. Plaintiffs define "Class Three" as (i) all persons; (ii) that hold or held non-commercial California deposit accounts with Bank of America (iii) that either are residents of the state of California or were residents of the state of California at the time Bank of America seized their assets; (iv) whose assets held in California deposit account with Bank of America were seized by Bank of America within three year prior to the filing of this action; (v) based on a judgment, levy or other similar document from a state other than California.
39. For purposes of the First Cause of Action, the UCL Claim, the class period is four years prior to the filing of this action.
40. For purposes of the Second Cause of Action, the CLRA Claim, the class period is three years prior to the filing of this action.
41. For purposes of the Third Cause of Action, the Breach of Contract Claim, the class period is four years prior to the filing of this action.
42. For purposes of the Fourth Cause of Action, the Conversion Claim, the class period is three years prior to the filing of this action.
43. As class representatives, Plaintiffs faithfully represent, and are members of, Class One, Class Two and Class Three.
44. Class One is composed of hundreds or thousands of persons, the joinder of which would be impractical.
45. Class Two is composed of hundreds or thousands of persons, the joinder of which would be impractical.
46. Class Three is composed of hundreds or thousands of persons, the joinder of which would be impractical.
47. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.
48. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class One.

49. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Two.
50. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Three.
51. The questions of law and fact common to Class One, Class Two and Class Three predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    (a) Whether Defendant violated the Unfair Competition Law, Business & Professions Code §§ 17200 et seq.;
    (b) Whether Defendants violated the Consumer Legal Remedies Act, Civil Code §§ 1770 et seq.;
    (c) Whether Defendants breached the Deposit Agreement entered into with their California account holders by allowing a foreign, non-California levy on California deposit accounts;
    (d) Whether Defendants converted the assets of Class members by seizing the funds in the class members California deposit accounts held by Bank of America, and delivering these funds to third parties based on a foreign, non-California levy or similar order from a foreign court.
    (e) Whether Class One is entitled to the remedies available to Plaintiff under the Consumer Legal Remedies Act;
    (f) Whether Class Two is entitled to the remedies available to Plaintiff under the UCL;
    (g) Whether Class Two is entitled to the remedies available to Plaintiff for Breach of Contract;
    (h) Whether Class Three is entitled to the remedies available to Plaintiff for Conversion;
    (i) Whether Class One is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the Consumer Legal Remedies Act;

(j) Whether Class Two is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to Civil Code § 1717, pursuant to contract or to state or federal law, or in equity;

(k) Whether Class Three is entitled to an award of reasonable attorney's fees and costs of suit pursuant to contract or to state or federal law, or in equity;

(l) Whether Class One is entitled to any other remedies;

(m) Whether Class One is entitled to any other remedies; and

(n) Whether Class Two is entitled to any other remedies.

52. Plaintiffs will fairly and adequately protect the interests of all classes.

53. Plaintiffs have retained counsel experienced in handling class claims and claims involving consumer collection issues.

54. Plaintiffs' claims are typical of the claims of all classes, which all arise from the same operative facts involving unlawful practices regarding foreign levies.

55. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the amount at issue in each individual claim is small, and it would be prohibitively difficult for a consumer whose assets were seized by Bank of America to find an attorney willing to take on a case with a client who likely cannot pay a retainer, as Bank of America has seized the consumer's funds. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, such as claims for securities fraud.

56. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

57. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief as to Plaintiffs' CLRA and UCL claims.

## Causes Of Action

## First Claim For Relief

## (Class Claims For Violations Of Consumer Legal Remedies Act)

58. Plaintiffs and the members of Class One repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

59. In the regular course of business, Plaintiffs, and each of the members of Class One entered into Deposit Agreements with Defendant Bank of America. In the course of these transactions, Defendant Crown Auto violated the requirements of California Civil Code §§ 1770 et seq, including, but not limited to, the following provisions:

   (a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval status, affiliation, or connection which he or she does not have.

   (b) Representing that a transaction conferred or involved right, remedies or obligations which the transaction did not confer or involve, or which were prohibited by law.

   (c) Inserting an unconscionable provision in a contract.

60. As a result of the foregoing violations of Cal. Civil Code §1770, Plaintiffs and the members of Class One are entitled to actual damages, to an injunction against Defendant's above described practices, to punitive damages, Plaintiff attorney's fees and costs, and any other relief that the Court deems proper.

## Second Claim For Relief

## (Class Claim For Violations Of Business And Professions Code Section 17200 Et Seq)

61. Plaintiffs and the members of Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

62. Defendant Bank of America has engaged in unlawful, unfair and deceptive business practices by, after receipt of a levy or similar document from a court system outside of California, seizing the funds in Plaintiff's Deposit Account, failing to provide these funds to Plaintiffs upon demand, and delivering these funds, which belong to Plaintiffs, to a third party who has no enforceable legal right in California to seize or place a levy upon such funds. Bank of America further injured Plaintiffs by seizing $100.00 of Plaintiffs' funds as a "Legal Order Fee," and injured Plaintiffs by dishonoring Plaintiffs' rent check and causing Plaintiffs in incur a retuned check fee to their landlord. These acts violate California's Unfair Competition Law ("UCL"), California's Business and Professions Code section 17200 et seq.

63. The above described conduct is substantially injurious to consumers and offends public policy. Bank of America's conduct has no utility that outweighs the substantial injury to consumers.

64. Bank of America's conduct is likely to deceive the courts, the public and affected consumers as to their legal rights and obligations, and by using such deceptive practices, Bank of America precludes consumers from exercising legal rights to which they are entitled, such as the use of the funds in their deposit accounts.

65. Bank of America's conduct continues to this day and presents a threat to Class Two as Bank of America has failed to publicly acknowledge the wrongfulness of their actions, publicly issue individual and comprehensive corrective

      notices and provide full equitable monetary relief to all person with a vested interest herein.

66. As a direct result of the above mentioned act, Bank of America received and continues to hold ill-gotten gains in the form of "Legal Order Fees" obtained by seizing the assets of Plaintiffs and the member of Class One by charging a "Legal Order Fee" when in fact Bank of America received no legal order enforceable in California, as well as ill-gotten gains of profits and interest derived from the money seized.

67. Pursuant to the UCL, Plaintiffs Arthur O'Neill and Arianna Lopez, individually and on behalf of Class Two, seek an order of this Court enjoining Bank of America from engaging in the acts and practices described in this Cross-Complaint, and ordering that Bank of America disgorge all profits gained as a result of their unfair, deceptive and unlawful practices. In addition, pursuant to Code of Civil Procedure section 1021.5 and Civil Code section 1788.30, inter alia Plaintiffs seeks recovery of attorney's fees, costs and expenses incurred in the filing and prosecution of this Cross-Complaint, along with such other relief which this Court deems appropriate.

68. Pursuant to California Business and Professions Code section 17203, Plaintiffs Arthur O'Neill and Arianna Lopez, individually and on behalf of Class Two, seeks and order of this Court requiring Defendant Bank of America to immediately cease such acts of unfair competition and enjoining Bank of America from continuing to conduct business via the unfair, deceptive or unlawful business acts and practices complained of herein and from failing to disclose the true nature of their misrepresentations, and ordering Bank of America to engage in a correctional informational campaign. As a direct result of the above mentioned acts, Bank of America received and continues to hold ill-gotten gains in the form of "Legal Order Fees" obtained by seizing the assets of Plaintiffs and the member of Class

1   One by charging a "Legal Order Fee" when in fact Bank of America received
2   no legal order enforceable in California, as well as ill-gotten gains of profits
3   and interest derived from the money seized.  Plaintiffs therefore additionally
4   requests an order from this Court requiring Defendants to provide complete
5   equitable monetary relief, including that Bank of America disgorge and return
6   or pay over Defendant's ill-gotten gains and such other moneys as the trier of
7   fact may deem necessary to deter such conduct or prevent the use and
8   enjoyment of all moneys wrongfully obtained either directly or indirectly and
9   pay restitution, including the return of any monies seized by Defendant and
10  given to third parties pursuant to foreign, non-California judgments or similar
11  documents, that would not otherwise have been seized had Defendant
12  complied with their legal obligations and previous representations, and
13  additionally that bank of America pay any interest earned by Defendant on
14  such sums. Such an order is necessary so as to require Defendant to surrender
15  all money obtained either directly or indirectly through such acts of unfair
16  competition, including all monies earned as a result of such acts or practices,
17  so that Defendants are prevented from benefiting or profiting from practices
18  that constitute unfair competition or the use or employment by Defendant of
19  any monies resulting from illegal seizure of assets and to ensure the return of
20  any monies as may be necessary to restore to any person in interest who lost
21  money or property as a result of such acts or practices. Plaintiffs also requests
22  that this Court order that an asset freeze or constructive trust be imposed over
23  all monies that rightfully belong to the members of Class Two.
24  //
25  //
26  //
27  //
28  //

## Third Claim For Relief

## (Class Claim For Breach Of Contract)

69. Plaintiffs and the members of Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

70. Plaintiffs and the members of Class Two entered into Deposit Agreements with Defendant Bank of America.

71. In these Deposit Agreements, Defendant's assignor agreed to hold the money of Plaintiffs and the members of Class Two and to release these funds to Plaintiffs and the members of Class Two upon demand.

72. After receipt of a levy or similar document from a court system outside of California, Defendant Bank of America breached the above terms and promises by seizing the funds in the Deposit Accounts of Plaintiffs and the members of Class Two, by failing to provide these funds to Plaintiffs upon demand, and by delivering these funds, which belong to Plaintiffs, to a third party who has no enforceable legal right in California to seize or place a levy upon such funds.

73. As a result of the above breach, Plaintiffs and the members of Class Two are entitled to Plaintiffs' actual damages, incidental and consequential damages, Plaintiffs' costs and fees, and Plaintiffs' reasonable attorney fees.

//
//
//
//
//
//
//
//
//

**Fourth Claim For Relief**

**(Class Claim For Conversion)**

74. Plaintiffs and the members of Class Three repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

75. At all relevant times mentioned herein, Plaintiffs and the members of Class Three had and still have a right to demand and receive funds they deposited and entrusted to Defendant Bank of America, to be held in California Deposit Accounts, pursuant to Deposit Agreements.

76. After receipt, from third parties, of a levy or similar document from a court system outside of California, Defendant's agents or employees seized the above mentioned funds from the Deposit Accounts of Plaintiffs and the members of Class Three and converted these funds by delivering these funds to these third parties.

77. These third parties did not present Bank of America with any judgment, court order or similar document from the state of California.

78. As a proximate result of Defendant's conversion of the above funds, Plaintiffs and the members of Class Three have been damaged by the seizure of their funds, and the refusal to return these funds upon demand. Additionally, Plaintiffs and the members of Class Three have been damaged by the seizure of additional funds as on a "Legal Order Fee" or similar fee, imposed by Defendant.

**Prayer For Relief**

79. WHEREFORE, Plaintiff and the members of Class One, Class Two and Class Three pray that judgment be entered against Defendant Bank of America, and pray for the following relief:

    (a) An award of actual damages of not less than $1,000.00 per class member, pursuant to California Civil Code § 1780(a)(1), against Defendant Bank of America and for Plaintiffs and the members of Class One;

(b) An award of actual damages pursuant to Business and Professions Code § 17070 and for breach of contract, against Defendant Bank of America and for Plaintiffs and the members of Class Two ;

(c) An award of actual damages for conversion against Defendant Bank of America and for Plaintiff and the members of Class Three;

(d) An award of costs of litigation and reasonable attorney's fees, as allowed by law and at equity against Defendant Bank of America;

(e) An order enjoining Bank of America from further engaging in the illegal acts described above; and

(f) Such other and further relief this court may deem just and proper.

## Jury Demand

80. Plaintiff demands a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: September 28, 2011

By: */s/ Robert L. Hyde*
Robert L. Hyde
Attorneys for Plaintiffs

**Additional Plaintiff's Attorney:**

Clinton Rooney (SBN 221628)
Rooney & Lickel
1102 Cesar Chavez Parkway
San Diego, CA 92113
Phone: (619) 573-9547
rooneycdi@gmail.com

Stephen G. Recordon (SBN 91401)
Recordon & Recordon
225 Broadway, Suite 1900
San Diego, CA  92101
Phone: (619) 232-1717
sgrecordon@aol.com

**HYDE & SWIGART**
San Diego, California

☜JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Arthur O'Neill and Arianna Lopez, on behalf of themselves and all others similarly situated

## DEFENDANTS
Bank of America, N.A.

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Mecklenburg
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart, 411 Camino Del Rio South Suite 301, San Diego, CA 92108    619.233.7770

Attorneys (If Known)
'11CV2254 L    BGS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  | ☒ 900 Appeal of Fee Determination Under Equal Access to Justice XXXXXXXXXXXXXX |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
California Business and Professions Code §§ 17200 et seq., California Civil Code §§ 1770 et seq

Brief description of cause:
Violation of California unfair Competition Law;   28:1331 (srm)

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ 5,000,001.00+

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE: 09/28/11

SIGNATURE OF ATTORNEY OF RECORD: s/Robert L. Hyde

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction**. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit**. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin**. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action**. Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity**.         Example:         U.S. Civil Statute: 47 USC 553
                                          Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint**. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases**. This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.