UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR NEILL and ARIANNA LOPEZ, on behalf of themselves and all others similarly situated<br><br>                                                         Plaintiffs,<br>                v.<br>BANK OF AMERICA, N.A.<br>                                                         Defendant. | Civil No.   11-CV-2254-BGS<br><br>**ORDER GRANTING PARTIES' JOINT MOTION TO FILE DOCUMENTS UNDER SEAL** |

On July 13, 2012, Plaintiffs Arthur Neil and Arianna Lopez and Defendant Bank of America, N.A. ("Bank of America") filed cross motions for summary judgment. (Doc. Nos. 33 & 34.) Also on July 13, 2012, the parties filed a joint motion to file documents under seal to accompany their summary judgment motions. (Doc. No. 27.)

Plaintiffs and Defendant request leave to file the following documents under seal pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 79.2:

1.   Bank of America's *Deposit Products Operations & Monitoring Policies and Procedures Manual–Attachments* (Doc. No. 28, Ex. A; Doc. No. 32, Ex. B at 17-62);

2.   Bank of America's *Deposit Products Operations & Monitoring Policies and Procedures Manual–Attachment General Ledger Suspense Account Reconciliation* (Doc. No. 29, Ex. B; Doc. No. 32 at 3-16);

1   3. The following sections of Plaintiffs' Memorandum of Points and Authorities in Support
2   of Plaintiffs' Motion for Summary Judgment: (a) page 6, lines 1-7; (b) page 9, lines 24-
3   28; and (c) page 10, lines 1-2, which cite to the Attachment Policy and/or Suspense
4   Account Policy. (Doc. No. 32-1.)

5 (Doc. No. 27.)

**Discussion**

Under Federal Rule of Civil Procedure 26(c), the court may issue a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed.R.Civ.P. 26(c)(1)(G). However, unless it is a document traditionally kept secret, there is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings ... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (citations and quotation marks omitted). The presumed right to access to court proceedings and documents can be overcome "only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States District Court*, 920 F.2d 1462, 1465 (9th Cir. 1990) quoting *Press–Enterprise Co. v. Superior Court*, 446 U.S. 501, 510 (1985).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id.* at 659 n. 6, citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995); *see also Kamakana*, 447 F.3d at 1179 ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have

1  become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
2  scandal, circulate libelous statements, or release trade secrets.").

3        The parties assert that disclosure of the Attachment Policy (Doc. No. 28, Ex. A to Arcuri Decl.; Doc.
4  No. 32, Ex. B to Swigart Decl.), the Suspense Account Policy (Doc. No. 29, Ex. B to Arcuri Decl.; Doc. No.
5  32, Ex. A to Swigart Decl.), and the portions of Plaintiffs' brief (Doc. No. 32-1) that cite to these policies
6  will cause substantial harm to Bank of America and its commercial interests. (Doc. No. 27 at 2.) According
7  to Bank of America, these policies contain Bank of America's proprietary information, including internal
8  attachment procedures, internal tracking procedures, and information about proprietary software. (*Id.*; Doc.
9  No. 27-1, Park Decl. ¶5.)  The parties argue that because the policies deal with Bank of America's internal
10 procedures for handling liens, attachments, garnishments, and other legal orders, filing the policies for
11 public view could potentially compromise bank security. (*Id.* ¶6.)  The parties also contend that disclosure
12 of the information in the policies would provide Bank of America's competitors with confidential
13 information they otherwise could not access, which would place the bank at a competitive disadvantage and
14 potentially lead to competitors using the information for improper purposes. (*Id.* ¶7.)  Finally, the parties
15 argue that the public interest in disclosure is not outweighed by the potential harm to Bank of America, as
16 Bank of America is not a public entity, none of the information contained in the policies relates to public
17 health or safety concerns, and the issues raised in the cross motions for summary judgment pertain solely
18 to a private civil matter that does not raise broader issues of public concern. (Doc. No. 27 at 3.)

19       The Court finds that Exhibits A and B could be used for improper purposes by Bank of America's
20 business competitors including the release of valuable proprietary software regarding Bank of America's
21 internal procedures for handling legal orders.  The parties have shown compelling reasons that outweigh
22 the public's interest in disclosure and justify filing the submitted sealed lodged documents ( Exhibits A and
23 B to the motion to file under seal and the designated portions of Plaintiffs' brief) under seal.
24 / / /
25 / / /
26 / / /
27 / / /
28

**Conclusion**

The Court, for the reasons set forth above, grants the parties joint motion to file documents under seal. The proposed sealed lodged documents Doc. Nos. 28, 29, 32 and 32-1 shall be filed under seal.

**IT IS SO ORDERED**.

DATED: December 14, 2012

**BERNARD G. SKOMAL**
United States Magistrate Judge